IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS PEREZ, | : | CIVIL ACTION |
| a/k/a "Alberto Sanchez," | : | |
|    Petitioner | : | |
| | : | |
| v. | : | NO. 09-mc-25 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|    Respondent | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                  June 17, 2009

In July 1991, a federal grand jury returned an eighty-nine count indictment against various defendants for conspiracy to distribute heroin, and for distribution and possession with intent to distribute heroin. Louis Perez, one of the defendants, was charged in two counts, pleaded guilty to one count, and was sentenced to life imprisonment. The second count against him was dismissed at sentencing. Mr. Perez filed this *pro se* motion for relief pursuant to 28 U.S.C. § 1651 ("All Writs Act"). For the following reasons, I will deny the motion in its entirety.

**I. BACKGROUND**[1]

Mr. Perez pleaded guilty to conspiracy to distribute in excess of one kilogram of heroin, in violation of Title 21 of the United States Code, Section 846. As stipulated in the guilty plea, the sentence imposed was in accordance with § 1B1.3 of the Sentencing Guidelines. Mr. Perez's illicit distribution occurred on numerous occasions within one

---

[1] All facts are compiled from the criminal docket and the Guilty Plea Agreement.

thousand feet of an elementary school. Therefore, he was subjected to a two-point increase in the base offense level under § 2D1.2(a)(1) of the Sentencing Guidelines. His compliance and affirmation of responsibility for the offense qualified him for a two-point offense level reduction outlined in § 3E1.1 of the guidelines. Mr. Perez was sentenced to life imprisonment.

On November 13, 1992, Mr. Perez appealed to the United States Court of Appeals for the Third Circuit, which affirmed the judgment of the District Court. In April 1999, he filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion was denied in June 1999. Mr. Perez then applied for a Certificate of Appealability to file a second or successive motion under 28 U.S.C. § 2255, which was denied as untimely.

Mr. Perez contends that he is entitled to relief pursuant to the All Writs Act even though he has availed himself of appellate and collateral reviews. He insists that he is entitled because of a breach of his plea agreement and the imposition of an illegal sentence which constituted a miscarriage of justice. The government argues that the motion should be denied.

**II. DISCUSSION**

The writ of *audita querela* is "an ancient writ used to attack the enforcement of a judgment after it was rendered." United States v. Holt, 417 F.3d 1172 (11th Cir. 2005). The writ is recognized in the criminal context pursuant to the All Writs Act, 28 U.S.C. §

1651, which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law." The Supreme Court has held that this provision is confined to filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal court jurisdiction. Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 41 (1985).

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue *ad hoc* writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

Id. at 43.

Because § 2255 exists to address correction of possible constitutional and jurisdictional defects after conviction, the All Writs Act may not be imposed as an alternative. Accordingly, a writ of *audita querela* is unavailable where relief is cognizable under § 2255.[2]  Holt, 417 F.3d at 1175.  Here, Mr. Perez has already unsuccessfully pursued collateral review of his conviction and sentence pursuant to §

---

[2] Courts of Appeals for the Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have all held likewise. See In re Rushing-Floyd, 62 Fed. Appx. 64, 64-65 (4th Cir. 2003); United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993); United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).

2255.  He is thus not entitled to relief under the All Writs Act.  I will deny his motion in its entirety.

An appropriate Order follows.